UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GIANNINI and JIHAD BENSEBAHIA,<br><br>Plaintiffs,<br><br>v.<br><br>ROSENBERG, DAVID, individually and in his/her official capacity as Justice of the Superior Court of Yolo County,<br><br>Defendant. | No. 2:16-cv-3003 TLN DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs, Eric Giannini and Jihad Bensebahia, are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court is plaintiffs' complaint and plaintiff Eric Giannini's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiffs challenge the manner in which the defendant, a Superior Court Judge, issued a ruling.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiffs' complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff Eric Giannini's application to proceed in forma pauperis be denied and plaintiffs' complaint be dismissed without leave to amend.

1

**I.      Plaintiffs' Application to Proceed In Forma Pauperis**

Filing fees must be paid unless each plaintiff applies for and is granted leave to proceed in forma pauperis. Here, plaintiff Jihad Bensebahia has not submitted an application to proceed in forma pauperis.

Plaintiff Eric Giannini's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as

true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

**II. Plaintiffs' Complaint**

Plaintiffs' "bring this suit pursuant to" 42 U.S.C. § 1983. (Compl. (ECF No. 1) at 1.) The complaint alleges:

> On 22 November 2016 Rosenberg, David individually and in his/her official capacity as Justice of the Superior Court of Yolo, County did act in such a way that he incorrectly applied, disregarded the process of that application, mis-used, abused, or disparaged the application of a tentative ruling pursuant to Local Rule 11.4 at the Superior Court of California, County of Yolo at or after 2:55 PM with respect to a Motion to Compel filed by the Plaintiffs on 18 November 2016 in CV UD 16 1275 . . .

(Id. at 2.)

However, unless the action was "taken in the complete absence of all jurisdiction," judges are absolutely immune from civil liability for actions taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). In this regard, "[a] judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999); see also Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) ("judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are

alleged to have been done maliciously or corruptly."); Wagenknecht v. U.S., 533 F.3d 412, 418 fn.5 (6th Cir. 2008) ("A judge who acts in excess of his jurisdiction is immune from suit, whereas a judge who acts in a clear absence of any jurisdiction might not be immune from suit."); Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004) (§ 1983 grants "judicial immunity from suit for injunctive relief for acts taken in a judicial capacity").

Accordingly, plaintiffs' complaint should be dismissed for failure to state a claim upon which relief can be granted.

**III. Leave to Amend**

The undersigned has carefully considered whether plaintiffs may amend the complaint to state a claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiffs leave to amend in this case.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff Eric Giannini's December 23, 2016 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiffs' December 23, 2016 complaint (ECF No. 1) be dismissed without leave to amend; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 17, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/giannini3003.ifp.den.f&rs

5